# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**ROBERT LEE TOWNSEND,**                                                         **PETITIONER**

v.                                                                                                              **No. 2:06CV199-M-A**

**CHRISTOPHER EPPS, ET AL.**                                                   **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Robert Lee Townsend for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the instant petition as untimely filed. The petitioner has responded; the state has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244.

### Facts and Procedural Posture

On January 11, 1995, the petitioner was convicted of kidnapping (Count 1), capital rape (Count 2), and sexual battery (Count 3) in the Circuit Court of Coahoma County, Mississippi. That same day, he was sentenced to serve thirty years in Count 1, life without parole in Count 2 and thirty years without parole in Count 3 – all to be served consecutively in the custody of the Mississippi Department of Corrections. Townsend, through his attorney Darnell Felton, filed a notice of appeal on March 2, 1995. This appeal was, however, dismissed by the Mississippi Supreme Court for failure to prosecute. Thereafter, by order of July 2, 2001, the Mississippi Supreme Court recognized that Townsend's appeal was dismissed due to attorney error and, in the interest of justice, allowed Townsend to file an out-of-time motion for new trial and, if necessary, a new direct appeal. Pursuant to that order, the trial court appointed Townsend new

counsel, Cheryl Webster.

Townsend eventually appealed his sentences and convictions to the Mississippi Supreme Court which affirmed the trial court's decision. *Townsend v. State*, 847 So.2d 825 (Miss. 2003) (Consolidated Cause Nos.95-KA-00234-SCT, 2002-KA-00247-SCT). Townsend then filed a motion for rehearing, which was denied by the state supreme court on September 11, 2003. The petitioner did not seek a writ of *certiorari* to the United States Supreme Court.

He filed an application for post-conviction relief which was signed on July 19, 2004, and stamped filed on July 23, 2004. The application was denied on August 30, 2004, by the Mississippi Supreme Court. Townsend also attempted to seek reconsideration of the state supreme court's decision on September 15, 2004, which the Mississippi Supreme Court denied. The petitioner then filed a second application for post-conviction relief on December 20, 2006, which was denied as both a successive and untimely petition on January 24, 2007. He filed the instant federal petition for a writ of *habeas corpus* on November 29, 2006. The state filed its motion to dismiss on April 11, 2007, and the petitioner responded to that motion on May 21, 2007, alleging that he is entitled to equitable tolling because he was not granted access to the one-year limitations period set forth in the Antiterrorism and Effective Death Penalty Act during his stay at the Wilkinson County Correctional Facility. The state replied to this new claim of equitable tolling on May 29, 2007.

### Timeliness of the Federal Petition

Resolution of this case rests with 28 U.S.C. § 2244(d), which provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, the AEDPA now requires a petitioner's federal *habeas corpus* petition to be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Cantu-Tzin*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, n.1 (5th Cir. 1998). The exceptions of § 2244(d)(1)(B-D) do not apply to this case, and, as discussed below, the petitioner is not entitled to equitable tolling. As such, the petitioner failed to file his federal petition for a writ of *habeas corpus* within the allotted time period.

Townsend's conviction became final on December 10, 2003, ninety days after the Mississippi Supreme Court denied his motion for rehearing (September 11, 2003 + 90 days). Rule 13(1) of the United States Supreme Court; *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, the new deadline for the petitioner to submit a "properly filed" application for post-conviction relief under 28 U.S.C. § 2244(d)(2) became December 10, 2004. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner is also entitled to forty-two days of statutory tolling for the pendency of his July 19, 2004, motion for post-conviction relief, moving his federal *habeas corpus* deadline to January 21, 2005. (December 10, 2005 + 42 days).

Under the "mailbox rule," Townsend's *pro se* federal *habeas corpus* petition is deemed filed on the date that he delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In the instant case, the petition was filed sometime between November 22, 2006, and November 29, 2006. Giving the petitioner the benefit of the doubt by using the earlier date, the instant federal petition was filed 670 days after the one-year federal limitations period expired.

**Equitable Tolling**

In his response to the state's motion to dismiss, the petitioner has argued that he did not know about the one-year limitations period to file his federal petition for a writ of *habeas corpus* because the Inmate Legal Assistance Program did not provide him access to the Antiterrorism and Effective Death Penalty Act ("AEDPA") when the petitioner was housed at the Wilkinson

County Correctional Facility ("WCCF"). The petitioner argues that due to this state-created impediment, he is entitled to statutory tolling from "July 19, 2004 through October, 2006," the period the petitioner claims he was housed at WCCF.

The petitioner's allegations regarding his access to the AEDPA are simply incorrect. The petitioner has been housed in four state facilities since his conviction. First, he was placed in the Wilkinson County Correctional Facility on January 8, 1998, and remained there until October 29, 2003, when he was transferred to the Mississippi State Penitentiary in Parchman, Mississippi. The petitioner remained in Parchman until June 3, 2004, when he was transferred to Delta Correctional Facility ("DCF"). Then, on July 28, 2004, Townsend was transferred back to WCCF where he remained until December 4, 2006. He was then moved to South Mississippi Correctional Institution, where he is presently located. During his entire period of incarceration, Townsend has had access to the AEDPA and all other legal materials through the Inmate Legal Assistance Program. *Neal v. Bradley*, No. 2:05CV67, 2006 WL 2796404, at *4 (N.D. Miss. September 25, 2006) (discussing availability of information available to Mississippi inmates regarding state post-conviction procedures and federal *habeas corpus* relief). Further, ILAP records show that Townsend requested and received a first step packet from ILAP on May 24, 2004, during his stay in Parchman. The petitioner acknowledged receipt of this packet on an ILAP request form, which he sent to the ILAP office at DCF on June 7, 2004. He obtained the first-step packet 200 days before the December 10, 2004, expiration of the *habeas corpus* statute of limitations. The court is familiar with the contents of the first-step packet:

> The post-conviction packet (approximately 140 pages) contains information regarding the state court post-conviction remedy (with supporting statutes) and "A Basic Explanation of the Appeals Process," which summarizes state court

> remedies as well as a brief overview of federal habeas, ***including a discussion of the one-year statute of limitations period of the AEDPA.*** The post-conviction packet is available to all inmates upon request.

*Neal v. Bradley*, No:2:05cv67, 2006 WL 2796404, at *4 (N.D. Miss. September 25, 2006). Thus, the petitioner's contention that he did not know about the one-year federal limitations period of the Antiterrorism and Effective Death Penalty Act is not supported in the record. As such, his claim that he is entitled to equitable tolling must fail.

For these reasons, the instant petition for a writ of *habeas corpus* shall be dismissed as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 7th day of June, 2007.

**/s/ Michael P. Mills**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**